UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEROME WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:16-CV-840 JD |
| | ) | |
| RON NEAL, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Jerome White, a *pro se* prisoner, filed a complaint alleging that he slipped and fell on the stairs at the Indiana State Prison ("ISP"). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Though not heavy on detail, the complaint alleges that White slipped on "something" and fell on the stairs. Officer Sutton was walking behind White at the time, but was unable to catch him from falling. Moreover, White was unable to stop his own fall because he was handcuffed behind his back. White landed on his arm and head, causing injuries. White contends, "[i]t all boils down to Officer Sutton not doing his job right, he should have secured my arm." White sues Superintendent Ron Neal for money damages.

As a threshold matter, Superintendent Neal is not the proper defendant in this case. White does not explain why Superintendent Neal should be liable. But, because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, Superintendent Neal cannot be held liable

simply because he oversees operations at the prison or supervises other correctional officers. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009).

Even if White would have named a proper defendant, he has not alleged a plausible Eighth Amendment violation. Prison conditions violate the Eighth Amendment if they pose a substantial risk of serious harm and prison officials are deliberately indifferent to the risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution. The Eighth amendment does not constitutionalize torts. Nor does it require complete compliance with the numerous OSHA regulations." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted.)

> Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer* [*v. Brennan*, 511 U.S. 825, 834 (1994)] (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also, Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society."); *Jackson* [*v. Duckworth*,] 955 F.2d [21,] 22 [(7th Cir. 1992)].

*Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted). "An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). However, as this Circuit has recognized, "slippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement" that violates the Eighth Amendment. *Pyles v. Fahim*, 771 F.3d 403, 410-411 (7th Cir. 2014). Here, White has simply alleged that he slipped on "something"; he does not identify what he slipped on nor does he give any information regarding the condition of the stairs. He must do more to plausibly allege that the stairs posed a significant

risk of extreme harm to him. *Anderson v. Morrison*, 835 F.3d 681 (7th Cir. 2016).

Nor has White alleged that anyone was deliberately indifferent to some significant risk of harm. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

At most, White alleges that Officer Sutton was negligent in handcuffing him from behind and also in failing to catch him. However, negligence on the part of an official does not violate the Constitution, and it is not enough that he should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). White does not allege that Officer Sutton was aware of any dangerous condition or that he disregarded this known condition. Without more, White may have a state law claim for negligence, but he cannot maintain this action under Section 1983.

As explained, White has failed to allege a plausible claim against Ron Neal. Thus, the

complaint fails to state a claim. Though it does not appear that White could state a Section 1983 claim against another defendant even if he files an amended complaint, he will nevertheless be permitted to do so if he believes that he can address the deficiencies noted above. *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013)*; see also Anderson*, 835 F.3d 682-83. In the amended complaint, White needs to name the defendant personally responsible for his injuries. White must explain how and why there was a significant risk of extreme harm to him and must also explain how the named defendant was deliberately indifferent to that dangerous condition.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint form and send it to Jerome White;

(2) **GRANTS** Jerome White until March 20, 2017, to file an amended complaint; and

(3) **CAUTIONS** Jerome White that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: February 17, 2017

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court